UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Crain,<br><br>　　　Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>　　　Defendants | 2:16-cv-00406-JAD-PAL<br><br>**Order Granting Motion to Dismiss and Denying as Moot Motion for More Definite Statement**<br><br>[ECF Nos. 15, 16] |

　　Steven Crain sues the State of Nevada and parole officer Michael VanDyke to challenge his arrest for violating a mandatory counseling term of his lifetime supervision. Operating under the belief that the state court could not require him to attend counseling as a term of supervision because he entered an *Alford* plea, not a guilty plea, Crain alleges that his arrest for failing to comply with the cousneling term was unconstitutional and otherwise illegal. Defendants move to dismiss Crain's complaint, or, alternatively, for a more definite statement.[1] Crain opposes defendants' motion and has since filed a second-amended complaint. Because Crain's claims fail as pled even after he had the benefit of defendants' dismissal arguments, and I find that these deficiencies could not be cured by amendment, I grant defendants' dismissal motion, deny their motion for a more definite statement as moot, dismiss all of Crain's claims with prejudice, and close this case.[2]

## Background

　　Crain's first-amended complaint included claims by co-plaintiff Harold Krieg and named as defendants the State of Nevada, parole officer Michael VanDyke, parole officer Gary Smith, and Las Vegas Metropolitan Police Department (Metro).[3] After the defendants moved to dismiss or, alternatively, for a more definite statement, the parties stipulated to dismiss with prejudice all claims

---

[1] ECF Nos. 15, 16.

[2] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[3] ECF Nos. 5.

brought by plaintiff Krieg and all claims against Smith and Metro, leaving only Crain's claims against the State of Nevada and VanDyke.[4] The parties also stipulated to allow Crain to file a second-amended complaint, which defendants maintain does not cure the issues raised in their dismissal motion.

In his second-amended complaint, Crain, who was sentenced to prison time followed by lifetime supervision after he entered an *Alford* plea to the charge of attempted lewdness with a child under 14, alleges that, in July 2014, parole officer VanDyke "sought an arrest warrant [that] did not set forth exculpatory information."[5] Crain alleges that VanDyke deliberately omitted from the declaration of arrest that: Crain had entered an *Alford* plea and was therefore exempt from counseling;[6] VanDyke had been the subject of Crain's whistle-blowing blog and was upset that Crain was writing a tell-all book;[7] Crain's previous parole officers had not required him to attend counseling;[8] and Crain did not threaten therapist Alyson Shainker.[9] VanDyke also allegedly falsely included that Crain had sued his former counselor, John Pacult. As a result of VanDyke's misleading declaration of arrest, Crain alleges that he was arrested without probable cause, charged with an unspecified felony crime, and jailed for approximately ten months.[10] The charges against Crain were eventually dismissed.[11]

Crain asserts five claims: unlawful arrest and malicious prosecution under § 1983 and false imprisonment, malicious prosecution, and intentional infliction of emotional distress under Nevada

---

[4] ECF No. 26.

[5] ECF No. 30 at ¶ 12.

[6] *Id.* at ¶¶ 13–14.

[7] *Id.* at ¶ 16.

[8] *Id.* at ¶ 17.

[9] *Id.* at ¶ 18.

[10] *Id.* at ¶¶ 19–21.

[11] *Id.* at ¶ 21.

state law.  He seeks monetary damages against VanDyke and injunctive and declaratory relief against the state "prohibiting Mr. Crain to be required to attend counseling" and "holding that mandatory counseling for lifetime supervision requiring a citizen who enters an *Alford* Plea to admit the underlying offense is unconstitutional."[12]

## Discussion

### A.   Motion to dismiss standards

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[13]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[14]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[15]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[16]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[17]  Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[18]  Second, the court must consider whether the well-pled factual allegations state a plausible claim for

---

[12] ECF No. 30 at 8.

[13] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[14] *Twombly*, 550 U.S. at 570.

[15] *Iqbal*, 556 U.S. at 678.

[16] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[17] *Iqbal*, 556 U.S. at 678–79.

[18] *Id*.

relief.[19]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[20]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[21]

**B.     Evidence outside the pleadings**

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[22]  Otherwise, the motion must be converted into one for summary judgment for evidence to be considered.  The Ninth Circuit has adopted two narrow exceptions to this rule in order to prevent plaintiffs from avoiding dismissal "by deliberately omitting references to documents upon which their claims are based."[23]  A court may consider documents where (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question, and the document's relevance is not in dispute."[24]  A court may also "take judicial notice of adjudicative facts not subject to reasonable dispute."[25]

Defendants attach several documents to their dismissal motion, all of which I may consider without converting this motion into one for summary judgment because they are matters of proper judicial notice or are incorporated by reference into the complaint, and Crain does not question the

---

[19] *Id.* at 679.

[20] *Id.*

[21] *Twombly*, 550 U.S. at 570.

[22] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[23] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006)).

[24] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[25] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); FED. R. EVID. 201(a)–(f).

authenticity of any of these documents or object to my consideration of them in his response.[26] For purposes of defendants' dismissal motion, I therefore consider the attached state-court documents from the criminal case that led to Crain's placement on lifetime supervision,[27] Crain's lifetime-supervision agreement,[28] VanDyke's warrant declaration and supporting documentation,[29] state-court documents in Crain's case against John Pacult,[30] state-court documents from the criminal prosecution at issue in this case,[31] and the alleged "whistleblowing" blog post.[32]

### C. Each of Crain's claims fails because there was probable cause to believe that he had violated the terms of his lifetime supervision by refusing to attend counseling.

The state-court records show that Crain entered an *Alford* guilty plea to attempted lewdness with a child under the age of 14 in 2000 and was sentenced to 44–120 months in prison.[33] The judgment of conviction also provided that Crain would be "given a special sentence of LIFETIME SUPERVISION to commence upon completion of parole, probation or term of imprisonment."[34] When Crain was paroled in 2006, he signed a lifetime-supervision agreement in which he agreed to,

---

[26] I deem this a consent to defendants' request for judicial notice. L.R. 7-2(d).

[27] ECF No. 15-1 (*Alford* guilty plea agreement); ECF No. 15-2 (state-court docket sheet); ECF 15-3 (judgment of conviction); ECF No. 15-4 (order denying Crain's post-conviction habeas petition for relief from lifetime supervision);

[28] ECF No. 15-5.

[29] ECF No. 15-10 (declaration and statements from Red Rock Psychological Health); ECF No. 15-11 (arrest warrant).

[30] ECF No. 15-6 (complaint); ECF No. 15-7 (order granting defendants' motion to dismiss); ECF No. 15-8, 15-9 (docket sheets).

[31] ECF No. 15-12.

[32] ECF No. 15-13.

[33] ECF No. 15-1, 15-3.

[34] ECF No. 15-3 at 3.

among other things, participate in professional counseling.[35]  Crain does not allege that he successfully completed counseling, and all of Crain's claims hinge on his alleged unlawful arrest and prosecution for violating the conditions of his lifetime supervision by failing to attend counseling.

Crain's tacit argument that he was not required to attend counseling because he entered an *Alford* plea and there was therefore not probable cause for his arrest despite the express terms of the judgment of conviction and lifetime-supervision agreement is unavailing.  Under Nevada law, an *Alford* plea "is equivalent to a guilty plea in that it authorizes the court to treat the defendant as if the defendant had pleaded guilty."[36]  Crain offers no authority for the novel proposition that sex offenders who enter *Alford* pleas cannot be required to complete counseling as a term of their supervised release.[37]  Nor does he respond to defendants' argument that his supervision requirements are constitutional despite his *Alford* plea.[38]

Because the state-court records show that Crain *was* required to attend counseling and I reject his constitutional argument that he was not, the question becomes whether VanDyke had probable cause to believe that Crain was violating the conditions of his supervision by not attending counseling.  Crain does not allege that he was attending counseling at the time of his arrest or that he had completed counseling.  Instead, he alleges that VanDyke deliberately omitted "exculpatory" information from the arrest declaration, which led to his arrest and resultant prosecution in violation of *Brady v. Maryland*.[39]  *Brady* and its progeny do not address arrest warrants, so I assume that Crain is really attempting to assert a claim under *Franks v. Delaware*.  To state a *Franks* claim under §

---

[35] ECF No. 15-5.

[36] *State v. Lewis*, 178 P.3d 146, 147 (Nev. 2008).

[37] Even if I were to recognize a right to be free of the counseling component of lifetime supervision based on an *Alford* plea, VanDyke would be entitled to qualified immunity on Crain's § 1983 claims because that right was not clearly established when VanDyke submitted the declaration of arrest. *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986) (police officers applying for warrants are immune if a reasonable officer could have believed that there was probable cause to support the application).

[38] L.R. 7-2(d).

[39] ECF No. 30 at ¶ 12.

1983 based on alleged misrepresentations or omissions in search- warrant affidavits, a plaintiff must allege (1) a deliberate falsehood, material omission, or reckless disregard for the truth and (2) that, but for the dishonesty, the challenged action would not have occurred.[40]

As to Crain's malicious-prosecution claims, a plaintiff may bring a malicious-prosecution claim not only against the prosecutor but also against police officers and investigators who were instrumental in initiating the prosecution.[41] Generally, police officers "are not liable for damages suffered by the arrested person after a district attorney files charges unless the presumption of independent judgment by the district attorney is rebutted."[42] "This presumption may be rebutted by showing, for example, that the prosecutor was pressured or caused by the investigating officer[] to act contrary to his independent judgment or that the investigating officer[] presented the prosecution with information known by [him] to be false."[43]

According to Crain, VanDyke deliberately omitted that: (1) Crain had entered an *Alford* plea and was therefore exempt from counseling,[44] (2) VanDyke had been the subject of Crain's whistle-blowing blogs and was upset that VanDyke was writing a tell-all book,[45] (3) Crain's previous parole officers had not required him to attend counseling;[46] and (4) Crain did not threaten counselor Alyson Shainker.[47] Crain also alleges that VanDyke falsely stated that Crain had sued Crain's former counselor, John Pacult.

---

[40] *Liston v. Cty of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997).

[41] *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011); *LaMantia v. Redisi*, 38 P.3d 877, 879–80 (Nev. 2002).

[42] *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) (internal quotation marks omitted).

[43] *Id.* (internal quotation marks omitted).

[44] ECF No. 30 at ¶¶ 13–14.

[45] *Id.* at ¶ 16.

[46] *Id.* at ¶ 17.

[47] *Id.* at ¶ 18.

Simply put, defendants' exhibits squarely disprove Crain's allegations. As discussed above, Crain was not exempt from counseling simply because he entered an *Alford* plea.[48] The blog that Crain refers to was authored by his former co-plaintiff Harold Krieg in January 2015—six months after Crain was arrested—so it could not have been included in the arrest declaration even if it were relevant.[49] Whether Crain's previous parole officers had required him to attend counseling is irrelevant to the charged offense. VanDyke's statements accurately reflect Alyson Shainker's attached report that Crain was highly disruptive in group counseling and was terminated from counseling as a result, and these statements could not reasonably be read to mean that Crain threatened the counselor herself and are not misleading.[50] As to the statement in the warrant declaration that Crain attempted to sue counselor John Pacult, this statement is also true. Defendants provide state-court records showing that Crain did in fact unsuccessfully sue John Pacult (along with various other defendants) in Nevada state court, which belies Crain's contention that this statement was false.[51]

Even if these omissions were material and I accepted all of Crain's allegations as true without taking judicial notice of defendants' exhibits, Crain's claims still fail as pled. He does not allege or offer any facts to show that the warrant for his arrest would not have been issued but for the omission of this information or that the resultant prosecution would not have ensued. Even omitting VanDyke's allegedly false statement that Crain had sued John Pacult and adding all of the allegedly

---

[48] Crain alleges that his criminal-defense attorney told him that he "was compliant by exercising his constitutional right to not attend counseling pursuant to Judge Loehrer's Order and his *Alford* Plea." ECF No. 30 at ¶ 14. Judge Loehrer granted the district attorney's motion to dismiss Crain's state-court civil case claiming that his *Alford* plea absolved him of the counseling requirement. In doing so, the state-court judge merely "suggested" that Crain "pursue modification of his probation conditions" to remove the counseling requirement. ECF No. 15-9. Thus, no actor from the state of Nevada told Crain that he did not need to attend counseling without having his conditions officially modified.

[49] ECF No. 15-13.

[50] ECF No. 15-10.

[51] ECF Nos. 15-6, 15-7.

exculpatory information that Crain claims should have been included, the declaration of arrest is still more than sufficient to support a finding of probable cause that Crain was not attending counseling in violation of his lifetime-supervision agreement.  Thus, Crain's malicious-prosecution and unlawful-arrest claims fail as a matter of law.  Because Crain's IIED claim is based on his alleged unlawful arrest and malicious prosecution, it, too, fails because he has not alleged any other extreme or outrageous conduct on behalf of VanDyke.  Because Crain had the benefit of defendants' dismissal motion when he filed his second-amended complaint, and was thus well aware of these deficiencies, and the state-court records and declaration of arrest on which Crain's claims are based belie the majority of his factual allegations, I find that further amendment would be futile.  I therefore dismiss Crain's second-amended complaint with prejudice and without leave to amend and close this case.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss **[ECF No. 15] is GRANTED** and defendants' motion for a more definite statement **[ECF No. 16] is DENIED as moot.**  This action is dismissed with prejudice.

The Clerk of Court is instructed to enter judgment for defendants and against Crain and CLOSE THIS CASE.

Dated this 21st day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge